

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

D-5155

Dear Mr. Sheppard:

Opinion No. O-5155

Re: Validity of transfer of $1,500,000.00 from the Confederate Pension Fund to the General Revenue Fund, under the provisions of Senate Bill 24, Section 4, 48th Legislature.

Your letter of recent date requests the opinion of this department upon the question whether you are authorized to make the transfer of $1,500,000.00 from the Confederate Pension Fund to the General Revenue Fund, as required by Section 4 of Senate Bill No. 24, Acts of the Regular Session of the 48th Legislature.

Section 4 of the Act referred to provides:

"The State Comptroller of Public Accounts and the State Treasurer are hereby authorized and directed to transfer $1,500,000.00 from the Confederate Pension Fund to the General Revenue Fund. Such amount so transferred shall be applied as a credit to the advancement heretofore made by the General Revenue Fund for the support and maintenance of the Confederate Veterans' Home and the Confederate Womans' Home."

The Confederate Pension Fund is provided by Article 3, Section 51, of the Constitution of Texas. This Section of the Constitution provides in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

".... The Legislature may grant aid
to indigent and disabled Confederate soldiers
and sailors under such regulations and limita-
tions as may be deemed by the Legislature as
expedient, and to their widows in indigent
circumstances under such regulations and limita-
tions as may be deemed by the Legislature as ex-
pedient; to indigent and disabled soldiers who,
under special laws of the State of Texas, during
the War between the States, served in organiza-
tions for the protection of the frontier against
Indian raids or Mexican marauders, and to indi-
gent and disabled soldiers of the militia who
were in active service during the War between
the States, and to the widows of such soldiers
who are in indigent circumstances, and who are
or may be eligible to receive aid under such
regulations and limitations as may be deemed
by the Legislature as expedient; and also grant
for the establishment and maintenance of the
home for said soldiers and sailors, their wives
and widows and women who aided in the Confederacy,
under such regulations and limitations as may be
provided for by law; provided the Legislature
may provide for husband and wife to remain to-
gether in the home. There is hereby levied in
addition to all other taxes heretofore permitted
by the Constitution of Texas, a state ad valorem
tax on property of seven ($.07) cents on the one
hundred ($100.00) dollars valuation for the pur-
pose of creating a special fund for the payment
of pensions for services in the Confederate Army
and Navy, frontier organizations and the militia
of the State of Texas, and for the widows of such
soldiers serving in said armies, navies, organiza-
tions or militia; provided that the Legislature
may reduce the tax rate herein levied. ....."

The tax authorized by this Section of the Consti-
tution is specifically for the purpose "of creating a special
fund for the payment of pensions." A pension is a periodic
allowance of money granted by a government for services ren-
dered, in particular to a soldier or sailor in connection
with war or military operations. Morse v. Robertson, 9 Haw.
195, 199; State ex rel Wander v. Kimmel, 256 Mo. 611, 165
S. W. 1067; Bedford v. White, 106 Colo. 439, 106 Pac. (2)
469, 474; United States v. Hall, 98 U. S. 343, 350, 25 L.

Ed. 180; Webster's New International Dictionary, 2d edition.

The language of the Constitution is presumed to have been chosen with more care than that of any other legislation. Alexander v. State, 84 Crim. Rep. 75, 204 S. W. 644; Cox v. Robinson, 105 Tex. 426, 150 S. W. 1149. Plain and definite words of the Constitution, therefore, are to be taken in their ordinary meaning. Keller v. State, 87 S. W. 669, 1 L. R. A. (NS) 489. The language selected by the framers of the Constitution, when its meaning is clear, controls the court in interpreting it. Ex parte Meyer, 84 Crim. Rep. 288, 207 S. W. 100. Where words used in a constitution are plain and unambiguous, there is no occasion for construction.

The Confederate Pension Fund authorized to be created by Article 3, Section 51, of the Constitution, is a constitutional special fund which may be applied only to the purposes for which, under the constitutional provision, the fund is created, to-wit: "The payment of pensions." The application of such fund to any other purpose than that authorized by the constitutional provision is expressly prohibited by Article 8, Section 7, of our Constitution, which provides:

"The Legislature shall not have power to borrow, or in any manner divert from its purpose, any special fund that may, or ought to, come into the treasury; . . . ."

Of this section of the Constitution, the late Chief Justice Cureton said:

"There are various special funds named in the Constitution, such as the School Fund, et cetera, and the purpose of Section 7, Article 8, was to prevent their diversion. These special funds, of course, can not be diverted. . . . ." Brazos River Conservation & Reclamation District v. McCraw (Tex.) 91 S. W. (2) 665. See, also, Carroll v. Williams, 109 Tex. 155, 202 S. W. 504; Lawson v. Baker (Civ.Apps.) 220 S. W. 260.

Expenditures of the State involved in establishing and maintaining the Confederate Homes do not constitute "the payment of pensions." Since expenditures from the General Fund for these purposes were not made for the purpose for which the Confederate Pension Fund was created and authorized

to be expended by the Constitution, reimbursement of the General Fund from the Confederate Pension Fund for such expenditures is prohibited by Article 8, Section 7, of the Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R.W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED AUG 10, 1945

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN